F. W. KELLOGG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 95135.   Promulgated June 13, 1940.

*Vernon M. Brydolf, Esq.*, for the petitioner.
*Harry R. Horrow, Esq.*, for the respondent.

OPINION.

KERN: The question raised in this proceeding has to do with the valuation of a distribution to a stockholder made in liquidation of a corporation. The applicable sections of the statute are sections 115 (c), 111 (a), and 111 (b) of the Revenue Act of 1934, set out in the margin.[1]

The property received in liquidation by the taxpayer here was an account receivable of the corporation. The peculiarities of the

---

[1] SEC. 115. DISTRIBUTIONS BY CORPORATION.

* * * * * *

(c) DISTRIBUTIONS IN LIQUIDATION.—Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112. Despite the provisions of section 117 (a), 100 per centum of the gain so recognized shall be taken into account in computing net income. * * *

SEC. 111. DETERMINATION OF AMOUNT OF, AND RECOGNITION OF, GAIN OR LOSS.

* * * * * *

(a) COMPUTATION OF GAIN OR LOSS.—The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 113 (b) for determining gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized.

(b) AMOUNT REALIZED.—The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received.

transaction consist of (a) the account being payable not presently but at some future time, (b) the account being payable by the petitioner—distributee, and (c) the account being made up of payments made by the corporation of premiums due on life insurance policies covering the life of petitioner and assigned to the corporation as a source for the repayment of other amounts owed by petitioner to the corporation.

Respondent denies that the account was payable only out of the proceeds of the insurance policies, and contends, therefore, that the account was presently payable and was not payable at some future time. However, a careful reading of the letter from petitioner to the corporation, which embodies the terms of the contract out of which the account arose, and particularly the first, third, and fifth conditions thereof, convinces us that the advances made by the corporation for the purpose of paying the premiums upon the insurance policies were to be repaid only from the proceeds of the policies, at least until the advances together with the interest on petitioner's notes totaled $70,-000. This limitation as to the source of payment carried with it a limitation as to the time of payment. There would be no proceeds from the policies until petitioner's death; therefore, the account was not payable until petitioner's death. Treated as an asset of the corporation, it would obviously follow that its present value would be less than its face amount.

Respondent insists that the transaction be treated not as the receipt by the petitioner of a chose in action, but as the cancellation of an indebtedness which he owed. We question the accuracy of this position, *Estate of Helen Gilmore*, 40 B. T. A. 945; but even though we accept respondent's contention in this regard as a correct basis for our reasoning, our conclusion must be contrary to that which he urges. The value to the petitioner of the cancellation of a debt not yet due is less than the value of a cancellation of a debt presently payable, if no interest is charged on the obligation to pay. A recent case which is squarely in point is *Warren Service Corporation* v. *Commissioner*, 110 Fed. (2d) 723, in which the Circuit Court of Appeals for the Second Circuit held: "The value of a release of an obligation to pay $125,000 in 1941, without interest, is obviously less than the value of the release of a debt for like amount presently due, or of an obligation to pay the sum in 1941 with interest."

In that case the court directed the finding of the present worth in 1933 of an obligation to pay $125,000 in 1941 without interest. In this proceeding the stipulation discloses the method used by petitioner in determining the present value in 1935 of an account in the sum of $43,533.60 payable without interest on petitioner's death. Respondent does not object either in the pleadings or on brief to this method on the ground of its mathematical inaccuracy, but because of his con-

tention, discussed above, that the account was not limited as to source and time of payment, and because it should not be treated as a chose in action having a market value, but as the cancellation of an indebtedness. The argument of respondent as to this last point seems to be, in effect, as follows: Granting that the account is receivable by the corporation only on petitioner's death, and, therefore, has a value to the corporation as an account receivable of less than its face amount, nevertheless, it does not follow that the value to petitioner of the cancellation of the account (an account payable as to him) is less than the face amount of the obligation canceled.

With this argument we can not agree. If the present value in 1935 to the corporation of an account receivable in the amount of $43,533.60, payable upon the death of petitioner, was only $26,424.94 (and there is nothing in the record to indicate a greater value), then it would follow that the present value in 1935 to petitioner of the cancellation of the same obligation would be the same amount. Cf. *Warren Service Corporation* v. *Commissioner, supra.*

The cases of *Ida L. Dowling*, 13 B. T. A. 787; *Reginald Denny*, 33 B. T. A. 738; and *L. D. Coddon & Bros. Inc.*, 37 B. T. A. 393, cited by respondent, are not in point, because they involve the release of an obligation presently payable and not, as in this case, payable in the future.

We conclude that petitioner received in the taxable year, as a distribution in liquidation of the corporaton of which he held shares, the assignment of a chose in action in the face amount of $43,533.60, payable upon his death, the present value of which to petitioner in the taxable year was the sum of $26,424.90.

Reviewed by the Board.

*Decision of no deficiency will be entered.*